# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GABRIEL WILLIAM DONNELLY,<br><br>        Plaintiff,<br><br>v.<br><br>MELISSA WININGER-HOWARD,<br><br>        Defendant. | Case No. 3:24-cv-00224-SLG |
| GABRIEL WILLIAM DONNELLY,<br><br>        Plaintiff,<br><br>v.<br><br>ELVINA ROSE MEYER,<br><br>        Defendant. | Case No. 3:24-cv-00225-SLG |

## ORDER OF DISMISSAL

The above two captioned cases were filed by self-represented prisoner Gabriel William Donnelly ("Plaintiff") on October 15, 2024. Each of these actions is deficient because Plaintiff did not prepay the filing fee or file an application to proceed without prepaying the filing fee in either case. For the reasons explained below, the Court will not accord Plaintiff an opportunity to remedy the deficiency and instead dismisses each case with prejudice.

## I. Plaintiff has "three strikes" and may not proceed without prepaying the full filing fee

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[1] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[2] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury."[3] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[4] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[5] In addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[6]

---

[1] 28 U.S.C.A. § 1915(g).

[2] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[3] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

[4] *Andrews,* 493 F.3d at 1056 (cleaned up).

[5] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[6] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

Case No. 3:24-cv-00224-SLG, *Donnelly v. Winger-Howard*
Case No. 3:24-cv-00225-SLG, *Donnelly v. Meyer*
Order of Dismissal
Page 2 of 6

Case 3:24-cv-00225-SLG   Document 2   Filed 11/01/24   Page 2 of 6

Plaintiff has accumulated at least three strikes,[7] and he fails to demonstrate he meets the imminent danger exception that would allow him to proceed on either of his most recent claims without prepaying the full filing fee.[8] However, even if Plaintiff met the requirements of the exception or prepaid the full civil filing fee in either case, the Court finds Plaintiff's claims must be dismissed as frivolous.[9]

## II. Plaintiff's claims are dismissed as frivolous

The Court takes judicial notice[10] of Plaintiff's state court criminal proceedings in *State of Alaska v. Donnelly*, Case No. 3PA-20-02576CR, and the fact that the named defendant in both cases is an attorney who was involved in a professional capacity in that case.[11] The Court also takes judicial notice of similar claims Plaintiff

---

[7] *See Donnelly v. Cagle, et al.*, Case No. 3:21-cv-00225-JMK, Docket 7; *Donnelly v. Cagle, et al.,* Case No. 3:23-cv-00236-JMK, Docket 5; *Donnelly v. Cagle, et al.,* Case No. 3:24-cv-00045-JMK, Docket 5.

[8] *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status.").

[9] *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997) (noting the PLRA furthers "the congressional goal of reducing frivolous prisoner litigation in federal court.").

[10] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024). S*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[11] Plaintiff also has a pending application for post-conviction relief in state court and an ongoing state civil case against Defendant Melissa Howard alleging "Slander, Libel, Defamation of Character, [and] Malicious Prosecution." *See In re Donnelly,* Case No. 3PA-24-02351CI; *Donnelly v. District Attorney Howard,* Case No. 3PA-24-02457CI. The

Case No. 3:24-cv-00224-SLG, *Donnelly v. Winger-Howard*
Case No. 3:24-cv-00225-SLG, *Donnelly v. Meyer*
Order of Dismissal
Page 3 of 6
Case 3:24-cv-00225-SLG     Document 2     Filed 11/01/24     Page 3 of 6

has brought in federal court. Specifically, Plaintiff filed a civil complaint under 42 U.S.C. § 1983 against Judge John Cagle, Assistant District Attorney Melissa Howard, and Public Defender Timothy Ayer[12]; raised those claims again in a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241[13]; and again in another civil rights complaint.[14] After a different public defender was appointed to represent Plaintiff in state court, he filed two cases against Judge John Cagle, Assistant District Attorney Melissa Howard, and Public Defender Elvina Meyer.[15] Both cases were dismissed in a combined order on April 30, 2024.[16]

Plaintiff has been repeatedly informed that he cannot purse claims against a criminal prosecutor or a criminal defense attorney, and that courts are not required to entertain duplicative or redundant lawsuits.[17] Nonetheless, Plaintiff

---

docket records of the Alaska Trial Courts and the Alaska Appellate Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[12] *Donnelly v. Cagle, et al.,* Case No. 3:21-cv-00225-JMK (Filed 10/07/2021; Closed 12/23/2021).

[13] *Donnelly v. Cagle,* Case No. 3:22-cv-00192-JMK (Filed 8/30/2022; Closed 1/10/2023).

[14] *Donnelly v. Cagle, et al.,* Case No 3:23-cv-00236-JMK (Filed 10/17/2023; Closed 10/30/2023).

[15] *See State of Alaska v. Donnelly*, Case No. 3PA-20-02576CR, Docket Entry 11/02/2023 ("Attorney Meyer, Elvina Rose representing Defendant Donnelly, Gabriel William as of 11/02/2023.").

[16] *Donnelly v. Cagle, et al.,* Case Nos. 3:24-cv-00045-JMK (Filed 2/28/2024; Closed 4/30/2024) and 3:24-cv-00062-JMK (Filed 3/15/2024; Closed 4/30/2024).

[17] *See, e.g., Cato v. United States,* 70 F.3d 1103, 1105 n.2 (noting that courts may dismiss under § 1915 a complaint that merely repeats pending or previously litigated claims).

Case No. 3:24-cv-00224-SLG, *Donnelly v. Winger-Howard*
Case No. 3:24-cv-00225-SLG, *Donnelly v. Meyer*
Order of Dismissal
Page 4 of 6
Case 3:24-cv-00225-SLG   Document 2   Filed 11/01/24   Page 4 of 6

again brings frivolous claims against Assistant District Attorney Melissa Howard and Public Defender Elvina Meyer in an apparent attempt to collaterally attack his criminal proceedings in state court.

The Court finds Plaintiff's claims to be frivolous and malicious. Therefore, each of the above-captioned case is DISMISSED with prejudice, and each dismissal counts as an additional strike. As explained above, because Plaintiff has accumulated more than three strikes, he may not file any additional cases in federal court without prepaying the full filing fee or demonstrating that he qualifies for the imminent danger exception to Section 1915. Plaintiff must not file any future claims for which he lacks a sufficient legal or factual basis.

IT IS THEREFORE ORDERED:

1. Each above-captioned case is **DISMISSED with prejudice.**

2. All pending motions are **DENIED as moot.**

3. Each dismissal counts as a **STRIKE** under 28 U.S.C. § 1915(g)[18]

4. Plaintiff has accumulated **THREE STRIKES** and may not file any cases in any federal court without prepaying the filing fee unless he

---

[18] 28 U.S.C. § 1915(g) requires that self-represented prisoners receive a "strike" if the case is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"

Case No. 3:24-cv-00224-SLG, *Donnelly v. Winger-Howard*
Case No. 3:24-cv-00225-SLG, *Donnelly v. Meyer*
Order of Dismissal
Page 5 of 6

Case 3:24-cv-00225-SLG   Document 2   Filed 11/01/24   Page 5 of 6

demonstrates that he is under imminent danger of serious physical injury at the time of filing of the complaint.

5. With this order, the Clerk is directed to send one courtesy copy of the Court's orders at Docket 7 in Case No. 3:21-cv-00225-JMK; Docket 5 in Case No. 3:22-cv-00192-JMK; and Docket 4 in Case No. 3:24-cv-00062-JMK.

6. The Clerk shall issue a final judgment and close each case.

DATED this 1st day of November 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00224-SLG, *Donnelly v. Winger-Howard*
Case No. 3:24-cv-00225-SLG, *Donnelly v. Meyer*
Order of Dismissal
Page 6 of 6

Case 3:24-cv-00225-SLG   Document 2   Filed 11/01/24   Page 6 of 6